# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ZALEDIA M. JOHNSON,

    **Plaintiff,**

v.                                           Civil Action No. 2:09cv9
                                                         (Judge Maxwell)

MIKE HASLEM,

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. Introduction

On January 20, 2009, the *pro se* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 21, 2009, the plaintiff was granted leave to proceed *in forma pauperis*. On March 11, 2009, the initial filing fee was paid. On April 14, 2009, the undersigned ordered the plaintiff to provide copies of her level one, two and three grievances. The plaintiff filed a response on April 21, 2009. The undersigned then directed the defendant to answer on the limited issue of exhaustion on May 26, 2009. The defendant responded by filing a Motion to Dismiss and a Memorandum in support thereof on June 17, 2009. On June 18, 2009, the undersigned issued a Roseboro Notice to which the plaintiff has not responded.

### II. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan

1

Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### III. Analysis

#### A. Background

The plaintiff alleges that she was involved in a confrontation with another inmate. (Doc. 1-2 p.3). She notes that she believed she was very well behaved compared to her previous behavior. (Id. p.4). Plaintiff claims that defendant stuck his finger in her face so close that "she could lick it with her tongue." (Id.). The plaintiff claims that she was ordered to go to her cell and as she turned and began walking toward her cell defendant shoved her in the back. (Id.). The plaintiff alleges that as a result of this action she suffered a pulled knee, neck and back. (Id.). The plaintiff is requesting that criminal charges be filed against the defendant, that the defendant be prohibited from being around plaintiff, and compensatory damages be awarded to her as a result of the alleged actions. (Id. p.5).

#### B. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion as provided in § 1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 532 (2002).

The West Virginia Regional Jail and Correctional Facility Authority provides all inmates with an administrative grievance procedure by which complaints concerning the conditions of confinement may be addressed. The grievance process begins when the inmate completes an inmate grievance form and submits that form to the Administrator of the facility. The Administrator will review the grievance, and, if warranted, investigate the complaint and promptly provide the inmate with a written decision. That decision will identify any corrective action taken in response to the grievance and/or the reasons the grievance is denied. An inmate who is dissatisfied with the Administrator's response may appeal that decision to the Chief of Operations. The Chief of Operations reviews the grievance, and the response from the Administrator, and issues a written decision identifying any corrective action taken or the reasons for denying the appeal. If the inmate is dissatisfied with the response from the Chief of Operations, she takes a final appeal to the Office of the Executive Director. The plaintiff must complete all three levels of the process to successfully exhaust his administrative remedies.

The plaintiff supplied a copy of her level one grievance with her complaint, but provided no other forms to show that she had completed the remedy/grievance procedure. The plaintiff was ordered by the Court to supply copies of her level one, two, and three grievances together with the responses thereto. In response to this order, the plaintiff provided a copy of her administrative tort claim which is unrelated to the administrative remedy process for the pending action. In addition, the plaintiff referred the court to Exhibits 3, 4 and 5 of her complaint. Exhibit 3 is a letter, dated March 11, 2008, and addressed simply "to whom it may concern." Exhibit 4 is a copy of a Notice of Postponement or Continuance of a Disciplinary Hearing together with a letter, dated March 26, 2008, and addressed to the Executive Director complaining about harassment at the Northern

Regional Jail in the form of continued postponements of her disciplinary hearing. Exhibit 4 is a statement by the plaintiff, dated March 27, 2008, which appears to indicate that all three of the allegations giving rise to the disciplinary hearing were dismissed because they were not served in a timely manner. Accordingly, nothing supplied by the plaintiff establishes that she exhausted either levels two or three of the grievance process established by the Regional Jail Authority.

Conversely, the defendant's Motion to Dismiss with supporting memorandum clearly establish that the plaintiff has not exhausted her administrative remedies. Although the plaintiff filed a level one grievance with the Administrator, she bypassed level two and appealed directly to the Executive Director. The grievance was then remanded to Chief of Operations, but the plaintiff failed to appeal his decision, as required, to the Executive Director. Therefore, this complaint must be dismissed because plaintiff has failed to fully exhaust her administrative remedies.

### IV. Recommendation

For the reasons set forth, it is recommended that the defendant's Motion to Dismiss (Doc. 22) be **GRANTED**, and the plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for the failure to exhaust administrative remedies.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 7, 2009

                                              /s/ James E. Seibert
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE