# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ZALEDIA M. JOHNSON,**

       **Plaintiff,**

v.                                               **2:09 CV 9**
                                                       **(Maxwell)**

**MIKE HASLEM,**
       **Defendant.**

## ORDER

It will be recalled that on January 20, 2009, *pro se* Plaintiff Zaledia M. Johnson initiated the above-styled civil action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with LR PL P 83.02, *et seq.*, and 28 U.S.C. §§ 1915(e) and 1915A.

By Order entered May 26, 2009, Magistrate Judge Seibert noted that it appeared that the Plaintiff had not fully and completely exhausted her administrative remedies as to the claims raised in her Complaint; directed the Clerk to issue a summons for the Defendant directing the Defendant to file an answer addressing the limited issue of whether the Plaintiff's claims had been exhausted within twenty days from the date of service; and provided the Plaintiff with thirty days from the date a response was filed by the Defendant in which to file any reply.

On June 17, 2009, a Motion To Dismiss and Memorandum Of Law In Support thereof were filed on behalf of the Defendant. Thereafter, on June 18, 2009, Magistrate Judge Seibert issued a Roseboro Notice directing the Plaintiff to file any response to

the Defendant's Motion To Dismiss within thirty days from the date of entry of said Order and advising the Plaintiff that a failure to file a response thereto might result in the entry of an Order dismissing her case. The Court's review of the docket herein reveals that no response to the Defendant's Motion To Dismiss has, to date, been filed on behalf of the Plaintiff.

On August 7, 2009, Magistrate Judge Seibert issued a Report And Recommendation wherein he recommended that the Defendant's Motion To Dismiss be granted and that the Plaintiff's Complaint be dismissed, without prejudice, for failure to exhaust administrative remedies. In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten days from the date of service of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to Magistrate Judge Seibert's August 7, 2009, Report And Recommendation have been filed and that this matter is now ripe for review. A September 9, 2009, docket entry in the above-styled civil actions reveals that, on September 8, 2009, the Plaintiff's copy of the Report And Recommendation was returned to sender as "unclaimed." It should be noted, in this regard, that a Notice Of General Guidelines For Appearing Pro Se In federal Court filed herein on January 20, 2009, and forwarded to the Plaintiff via U. S. Mail specifically provides as follows:

> **Current Address**: Keep the Court and opposing counsel, if any, advised of your most current address **at all times**. Failure to do so may result in your action being dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Upon consideration of Magistrate Judge Seibert's August 7, 2009, Report And Recommendation, and having received no written objections thereto, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on August 7, 2009 (Docket No. 26), be, and the same is hereby, **ACCEPTED** in whole and the above-styled civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Defendant's Motion For Summary Judgement (Docket No. 22) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Plaintiff's Complaint (Docket No. 1) be, and the same is hereby, **DISMISSED without prejudice** in light of the Plaintiff's failure to exhaust her administrative remedies. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendant. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court,

written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* Plaintiff and to any counsel of record.

**ENTER:** November  25 , 2009

                                              **/S/ Robert E. Maxwell**
                                              United States District Judge